UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Victor Tagle,

    Plaintiff

v.

State of Nevada, et al.,

    Defendants

2:15-cv-01402-JAD-VCF

**Order Denying Motions and Ordering Respondents to File Updated Status Report**

[ECF Nos. 10, 11, 13, 22, 24]

    Nevada state prisoner Victor Tagle sues under 42 U.S.C. § 1983 for civil-rights violations he alleges occurred during his incarceration at Nevada's High Desert State Prison and Ely State Prison. On March 28, 2016, I screened Tagle's complaint, dismissed some claims with prejudice, permitted others to proceed, and stayed the case to allow the parties a chance to settle their dispute.[1] On August 5, 2016, the parties participated in a mediation session but were unable to reach a settlement.[2]

    On the eve of the mediation conference, August 4, 2016, Tagle filed a motion for a temporary restraining order, motion for sanctions, and a motion for default judgment.[3] He then filed a motion to be removed from the jurisdiction of the Nevada Department of Corrections[4] and another motion for default judgment.[5] I deny each of Tagle's pending motions and order the respondents to file an updated status report by August 19, 2016.

---

[1] ECF No. 2.

[2] ECF No. 19.

[3] ECF Nos. 10, 11, 13.

[4] ECF No. 22.

[5] ECF No. 24.

**A.    Motion for Temporary Restraining Order**

In support of his request for a TRO, Tagle alleges the following: from February 2012 through May 2015, Tagle suffered "daily abuses" from Defendant Guard Wing.[6] In May 2016, Wing attacked Tagle by grabbing him by the neck and banging him into the wall and twisting his arms.[7] Tagle has been in the hole since Wing accused Tagle of attacking him in May 2016.[8] On July 18, 2016, Tagle woke up in segregation to see Wing "sadistically" smiling at him while handling Tagle's food tray.[9] Tagle told another guard that he did not want Wing handling his food but Wing continues to handle Tagle's food.[10] Tagle refuses to eat his food because Wing handles it.[11] Additionally, the NDOC will not schedule Tagle a doctor's appointment.[12] Other inmates have told Tagle that Wing is "looking for an opportunity to physically abuse [him] in retaliation for the lawsuit."[13] Tagle knows that Wing will attack him and then accuse him of attacking Wing.[14] On July 27, 2016, Tagle discovered that Wing had taken documents from his cell while he was in a caseworker's office.[15] Tagle seeks a restraining order against Wing and an order to stop the NDOC from daily retaliatory abuses.[16]

---

[6] ECF No. 10 at 2.

[7] *Id.* at 3.

[8] *Id.*

[9] *Id.* at 3–4.

[10] *Id.* at 4.

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.* at 5.

[16] *Id.*

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right."[17] "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[18] And under the Prison Litigation Reform Act, preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm."[19]

Tagle has not met the demanding standard for preliminary injunctive relief. Tagle's motion does not show that he is likely to suffer irreparable harm in the absence of preliminary relief. For example, Tagle does not allege that Wing has recently threatened him or that he has contaminated or altered Tagle's food so that it would be harmful to Tagle if he ate it. Tagle also has not shown a likelihood of success on the merits. Accordingly, Tagle's motion for a TRO is denied.

**B.     Other motions**

Tagle's motion for sanctions against the Deputy Attorney General is frivolous: he argues that he is entitled to sanctions because the AG refused to agree to Tagle's settlement terms before the scheduled inmate mediation conference. This is not an appropriate basis for sanctions. Tagle's motions for default judgment are also frivolous. In the first, Tagle seeks defaults against defendants State of Nevada, NDOC, and NDOC employees for failure to defend.[20] My screening order permitted certain claims to proceed against defendants Nash, Bean, Wing, and Oliver only; the NDOC defendants Tagle names are no longer parties to this case, and I cannot enter default judgment against them. Tagle's second motion for default seeks default against defendants for "misconduct, unprofessionalism, discrimination, [and] racism," none of which are proper reasons for granting

---

[17] *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008).

[18] *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

[19] 18 U.S.C. § 3626(a)(2).

[20] ECF No. 13.

default judgment.[21]  Finally, Tagle's motion to be removed from the jurisdiction of the Nevada Department of Corrections is legally unsupported, and I deny it on that basis.[22]

### Conclusion

Accordingly, IT IS HEREBY ORDERED that **Tagle's pending motions [ECF Nos. 10, 11, 13, 22, 24] are DENIED.**

IT IS FURTHER ORDERED that **defendants must file their updated status report in compliance with my June 10, 2016, order [ECF No. 8] by August 19, 2016.**

Dated this 17th day of August, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[21] ECF No. 24.

[22] ECF No. 22.