# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

VICTOR TAGLE,

        Plaintiff,

vs.

LIEUTENANT BEAN, et al.,

        Defendants.

Case No. 2:15-cv-01402-JAD-VCF

**ORDER**

This matter involves Plaintiff Victor Tagle's *pro se* civil rights action under 42 U.S.C. §1983 against Defendants Jeremy Bean, Jennifer Nash, Kenneth Wing, and Ronald Oliver for allegedly violating Tagle's civil rights. Before the Court are (1) Tagle's Motion for Court Intervention and Authorities Investigation (ECF No. 96), Motion for Increase on Copywork to Submit Exhibits, and Submission of Exhibits to the Above Cases (ECF No. 107), Motion for Review of Filings (ECF No. 108), Motion for Evidentiary Hearing (ECF No. 109), and (2) Defendants' Motion to Strike [99] Affidavit (ECF No. 114) and Motion to Strike [102] Notice (Other), [103] Notice (Other) (ECF No. 115). These Motions are referred to the undersigned pursuant to 28 U.S.C. §636(b)(1)(A). The Court has considered the Motions and the Response (ECF No. 105). For the reasons stated below, the Court denies Tagle's requests for relief and grants the Defendants' Motions to Strike.

## I. BACKGROUND

Plaintiff Victor Tagle is a prisoner in the custody of the Nevada Department of Corrections. Since 2003, Tagle has filed numerous habeas actions and over 30 civil rights actions in the District of Nevada,

1

10 of which are open and active.**¹** On July 23, 2015, Tagle commenced this action by filing an *in forma pauperis* ("IFP") application and complaint. ECF No. 1. United States District Judge Dorsey entered a screening order on March 28, 2016, allowing Count 1 (First Amendment retaliation claim), Count 2 (supervisory-liability claim for excessive force), Count 3 (excessive force claim), and Count 4 (excessive force claim) of Tagle's Complaint to proceed against Defendants Nash, Bean, Wing, and Oliver.**²** ECF No. 2 at 14. On August 18, 2016, this Court granted Tagle permission to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915 and LSR 1-1 of the Local Rules of Practice. ECF No. 36.

## II. DISCUSSION

As an initial matter, the Court notes that Tagle scribbles his Motions by hand in a manner and style that is illegible and nearly impossible to read. The Court will summarize Tagle's Motions to the best of its ability. Tagle is advised to make sure that his filings are written clearly and legibly so that his positions are fully understood.

### A. Motion for Court Intervention and Authorities Investigation (ECF No. 96)

Tagle filed this motion in this case and others.**³** The motions are duplicate requests for relief. Filing multiple motions requesting the same relief is an abusive litigation tactic that taxes the resources of

---

¹ *See* Case Nos. (1) 2:15-cv-02506-APG-VCF; (2) 2:16-cv-00851-RFB-GWF; (3) 2:15-cv-00623-APG-GWF; (4) 2:15-cv-01402-JAD-VCF; (5) 2:15-cv-02082-JCM-VCF (6) 2:15-cv-02143-RFB-CWH (7) 2:16-cv-00709-GMN-NJK (8) 3:16-cv-00148-MMD-WGC (9) 3:17-cv-00257-RCJ-VPC; and (10) 3:17-cv-00284-MMD-VPC.

² The screening order also imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. ECF Nos. 2, 9. The Office of the Attorney General filed a status report indicating that settlement had not been reached and informed the Court of its intent to proceed with this action. ECF No. 34.

³ *See, e.g.*, Case Nos. 2:15-cv-00623-APG–GWF; 2:15-cv-02082-JCM-VCF; 2:15-cv-02143-RFB-CWH; and 3:16-cv-00148-MMD-WGC.

the court and all of the parties to a lawsuit. Other courts have scolded Tagle for filing duplicate requests for relief. *See Tagle v. Nevada*, 2:15-cv-00216-JCM-PAL, 2016 WL 6440423, at *1 (D. Nev. Oct. 27, 2016). Under Rule 11 of the Federal Rules of Civil Procedure, sanctions may be imposed on an unrepresented party who signs a paper that is either filed with the court for an improper purpose or is frivolous. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co*., 981 F.2d 429, 439 (9th Cir. 1992) (upholding Rule 11 sanctions because a party's second motion to compel largely duplicated the first) (citing *Townsend v. Holman Consulting Corp*., 929 F.3d 1358. 1362 (9th Cir. 1990) (en banc)).

Motions are generally addressed in the order which they are filed. Therefore, filing a duplicate motion once a motion has already been filed will not speed up the Court's review of a movant's request. *See Tagle*, 2:15-cv-00216-JCM-PAL, 2016 WL 6440423, at *2. In fact, filing duplicate motions increases the Court's workload and generally delays decision while a new round of responses and reply deadlines run. *Id*. Tagle is again warned that continued motion practice requesting relief that has already been denied, filing duplicative motions, or making frivolous, unsupported requests may result in the imposition of sanctions, including a recommendation to the district judge that he be declared a vexatious litigant or that this case be dismissed. *Id*.

Tagle's Motion for Court intervention alleges that Lieutenant Olivas confiscated and threatened to destroy Tagle's property, including five legal boxes. ECF No. 96 at 1. The Motion alleges that a guard named Hoffman—who is not a defendant named in this case—stated to Tagle that "Legal work is not authorized—orders of Baker, and Carpenter!" *Id*. (emphasis in original). Tagle also appears to assert that these purported acts are retaliation from Chris Beecroft (the deceased former commissioner of the ADR program in the Clark County District Court), Gerri Hardcastle, Lt. Olivas, Officer Hoffman, an unnamed Deputy Attorney General, and an unnamed NDOC guard. *Id*. Thus, Tagle asks this Court and authorities to intervene and investigate such retaliation. Tagle provides no factual support or legal

3

authority for his request. Accordingly, the motion is denied.

**B. Motion for Increase on Copywork to Submit Exhibits, and Submission of Exhibits to the Above Cases (ECF No. 107)**

NDOC Administrative Regulation 722.01(7)(E) allows inmates to accrue a maximum of $100 debt for legal copywork expenses for all cases—not per case. In this Motion, Tagle asks the Court to extend his copy work limit by $30 to submit exhibits for this case and 6 others. ECF No. 107 at 1.

The right to meaningful access to the courts does not confer a right to free unlimited photocopies. *See Sands v. Lewis*, 886 F.2d 1166 (9th Cir. 1989) (citing *Jones v. Franzen*, 697 F.2d 801, 803 ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox." (7th Cir. 1983)). The Nevada Department of Corrections provides $100.00 of legal copywork to prisoner litigants. Tagle asks for $30 in additional money but he does not state his current balance. Although the Ninth Circuit has not spoken on the issue, courts in other jurisdictions have not allowed plaintiffs proceeding *in forma pauperis* to receive free copies of documents from the court without the plaintiff demonstrating a specific showing of need. *See, e.g., Collins v. Goord*, 438 Supp. 2d 399 (S.D.N.Y. 2006); *Guinn v. Hoecker*, 43 F. 3d 1483 (10th Cir. 1994). Tagle seeks additional copies to prepare and send exhibits to the Court. ECF No. 107 at 2. Tagle does not identify any specific document which must be photocopied, or the quantity of copies which must be made for him to proceed in this action. The Court requires a more particularized showing of need before it will order the State to extend an inmate's copy account. If Tagle believes that he needs copies for cases in other courts or in other cases in this court, he must seek an order for copies in each such particular case based upon a particularized showing of need.

Tagle's Motion is denied without prejudice. Tagle may refile the motion if and only if he is able to make a more particularized showing of need.

///

4

### C. Motion for Review of Filings (ECF No. 108)

Tagle filed the Motion for Review of Filings in this case and several others.[4] As explained above, these are duplicate requests for relief, and continued filing of duplicative motions may result in the imposition of sanctions, including a recommendation to the district judge that he be declared a vexatious litigant or that this case be dismissed.

Tagle's Motion does not request any specific relief from the Court. Instead, the Motion asks the Court a question: whether Tagle's Response to his Motion for Summary Judgment ("Response") was filed. Putting aside the issues with the Response itself, the Court notes that indeed Tagle's Response was filed on April 27, 2017. ECF No. 98. With that said, the Court will deny the Motion.

### D. Motion for Evidentiary Hearing (ECF No. 109)

In this motion, Tagle alleges that on August 5, 2011, a lowlife NDOC guard impersonating a Police Officer abducted him without a warrant or motive. ECF No. 109 at 1. Later, according to Tagle, "street walkers [illegible word] … warrants and documents to justify their crimes." *Id*. For the next six years, Tagle claims that Defendants have physically and mentally abused him on a daily basis. *Id*. And so Tagle requests an evidentiary hearing because "all the constitutional amendments, NRS, and NDOC's rules, which protect the Plaintiff, have been violated." *Id*. at 2. Tagle provides no factual or evidentiary support or specific legal authority for his request. Therefore, the motion is denied.

### E. Motion to Strike [99] Affidavit (ECF No. 114)

Tagle filed a motion entitled "Affidavit in Support of Cases and Request of Summonses to Serve Defendants in Regard Illegal Confiscation of Exhibits and Retaliation Physical Punishment et al"

---

[4] *See, e.g.*, 2:15-cv-00623-APG-GWF; 2:15-cv-02082-JCM-VCF; and 2:15-cv-02143-RFB-CWH.

("Affidavit No. 1") on April 27, 2017. *See* ECF No. 99. That Affidavit seeks "to identif[y] new abuses, illegal actions taken by the defendants, with the purpose of sabotage the case." *Id*. at 2. The Defendants argue that the Court should strike Affidavit No. 1 because the Affidavit is a fugitive document filed without authority or a request for leave.

Fed. R. Civ. P. 12(f) states that a "court may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Redundant matters are duplicative and repetitive. Fed R. Civ. P. 7(a) identifies "pleadings" as the complaint, answer, and reply, but not motions and other papers. Thus, a motion to strike under Fed. R. Civ. P. 12(f) is limited to pleadings. *United States v. Crisp*, 190 F.R.D. 546, 550–51 (E. D. Cal. 1999) (citing *Sidney–Vinstein v. A.H. Robins Co*., 697 F.2d 880, 885 (9th Cir. 1983)). Rule 12(f) motions are disfavored by federal courts because they are drastic remedies. *See Chan v. Pan W. Corp*., No. 2:10–cv–1317–KJD–PAL, 2011 WL 830237, at *1 (D.Nev. Mar. 4, 2011). Nevertheless, the granting of such motions are left to the Court's discretion. *See* Fed. R. Civ. P. 12(f) (stating that the court "may" strike a pleading).

Courts in addition have the inherent power to strike a party's submissions other than pleadings. *See Metzger v. Hussman*, 682 F.Supp. 1109, 1110 (D. Nev. 1988); *see also Calkins v. Shapiro & Anderson, L.L.P*., No. 05–0815–PHX–ROS, 2005 WL 3434718, at *3 (D. Ariz. Dec. 13, 2005); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991) (recognizing the district court's inherent power and discretion to sanction litigants or attorneys). Indeed, the alternative basis for striking improper filings is the district court's "inherent power over the administration of its business. It has inherent authority to regulate the conduct of attorneys who appear before it [and] to promulgate and enforce rules for the management of litigation…." *See Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (citations omitted). For example, district courts follow a long standing practice of striking filings that do not comply with the Federal Rules of Civil Procedure or Evidence. *Pfingston v. Ronan Eng'g Co*., 284 F.3d 999, 1003 (9th Cir. 2002)

6

(recognizing practice of striking improperly filed affidavits).

Local Rule 7-2 of the Local Rules of Civil Practice permits the filing of a motion, a response, and a reply. A document not allowed by Local Rule 7-2, or otherwise permitted by order of this Court, is a fugitive document and must be stricken from the record. *See Reiger v. Nevens*, 3:13-cv-00218-MMD-VPC, 2014 WL 537613, at *2 (D. Nev. Feb. 7, 2014).

The Court grants the Defendants' Motion to Strike Tagle's Affidavit No. 1 for two reasons. First, Tagle has filed duplicative and repetitive requests for relief in this case and others. *See, e.g.*, 2:15-cv-02082-JCM-VCF; 2:15-cv-00623-APG-GWF; 2:15-cv-02143-RFB-CWH. With Tagle's history of duplicative and frivolous filings in mind, the Court finds that Affidavit No. 1 is a fugitive document. As Defendant notes, the Affidavit "purports to provide a synopsis of additional alleged constitutional violations committed by Defendant." ECF No. 114 at 2. But because it is "not a motion, response, reply or pleading," the Defendants assert that the Affidavit "violates both the Federal Rules of Civil Procedure and this Court's Local Rules." Further, LR 7-2(g) states that "[a] party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause. The judge may strike supplemental filings made without leave of court." Tagle failed to request leave of Court to file Affidavit No. 1. Thus, the Affidavit is improper.

Second, the Court grants the Defendants' motion to strike to further the overall resolution of this action. A court may grant a motion to strike if doing so "may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action." *Hart v. Baca*, 204 F.R.D. 456, 457 (C. D. Cal. 2001). As discussed above, Tagle's excessive and repetitive filings have already slowed and complicated proceedings in this action. The docket in this action currently has 117 document filings, and Tagle's present motion only serves to further complicate proceedings in this action. The Court finds that granting the Defendants' motion to strike will make this action less

complicated, and streamline the ultimate resolution of this action.

**F. Motions to Strike [102] Notice (Other) and [103] Notice (Other) (ECF No. 115)**

The Defendants also move to strike Tagle's Affidavit in Support of Cases and Request for Enforcing Court's, NRS, NDOC's Rules, ("Affidavit No. 2"), and Resubmission of Exhibits on State's Personnel Abuse on Plaintiff ("Resubmission"). ECF Nos. 102, 103, 115. While Affidavit No. 2 provides a synopsis of additional alleged constitutional violations, the Resubmission re-files Tagle's Affidavit No. 1 and corresponding exhibits which were previously filed on April 27, 2017. *See* ECF Nos. 99, 102, 103. In essence, the Defendants argue that the Court should strike Affidavit No. 2 and the Resubmission because they are fugitive documents filed without authority or a request for leave. In particular, the Defendants argue that because Affidavit No. 2 and the Resubmission are not motions, responses, replies, or pleadings, the filing of both documents violates the Fed. R. Civ. P. and this Court's local rules.

For the same reasons discussed in Subsection (E), *supra*, the Court will grant the Defendants' Motion to Strike Affidavit No. 2 and the Resubmission. A court has the inherent power to strike improper filings based on the court's "inherent power over the administration of its business." *See Spurlock*, 69 F.3d at 1016. Local Rule 7-2 of the Local Rules of Civil Practice permits the filing of a motion, a response, and a reply. A document not allowed by LR 7-2, or otherwise permitted by order of this Court, is a fugitive document and should be stricken from the record. *See Reiger*, 3:13-cv-00218-MMD-VPC, 2014 WL 537613, at *2. Moreover, the Court may strike supplemental filings made without leave of court under LR 7-2(g). Tagle failed to request leave of Court to file Affidavit No. 2 and the Resubmission. The Court finds that those documents are fugitive documents. And in light of Tagle's filing history, the Court will strike those documents from the record.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Tagle's (1) Motion for Court Intervention and Authorities Investigation (ECF No. 96); (2) Motion for Increase on Copywork to Submit Exhibits, and Submission of Exhibits to the Above Cases (ECF No. 107) (3) Motion for Review of Filings (ECF No. 108); and (4) Motion for Evidentiary Hearing (ECF No. 109), are DENIED.

IT IS FURTHER ORDERED that the Defendants' Motion to Strike [99] Affidavit (ECF No. 114) and Motion to Strike [102] Notice (Other), [103] Notice (Other) (ECF No. 115) are GRANTED.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 18th day of May, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE