**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

\*\*\*

VICTOR TAGLE,

    Plaintiff,

vs.

LIEUTENANT BEAN, et al.,

    Defendants.

Case No. 2:15-cv-01402-JAD-VCF

**ORDER**

  This matter involves Plaintiff Victor Tagle's *pro se* civil rights action under 42 U.S.C. § 1983 against Defendants Jeremy Bean, Jennifer Nash, Kenneth Wing, and Ronald Oliver. Before the Court are (1) Tagle's "Motion for Issue of Summonses on Record, Illegal Confiscation of Documents / Exhibits Physical / Emotional Stress Inflicted on Plaintiff due to Retaliation" (ECF No. 116), and (2) Defendants' Motion to Strike [ECF No. 117] Tagle's "Complaint in Regard: E-Mail & The People Who Handles It" (ECF No. 100). Tagle filed a Response to the Defendants' Motion to Strike. *See* ECF No. 119. The Defendants' filed a Reply. *See* ECF No. 123. The Court has reviewed the parties' filings. For the reasons stated below, the Court denies Tagle's request for relief and grants the Defendants' Motion to Strike.

**I. Background**

  Plaintiff Victor Tagle is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"). Since 2003, Tagle has filed over 30 civil rights actions in the District of Nevada. On July 23, 2015, Tagle filed an *in forma pauperis* ("IFP") application and complaint. *See* ECF No. 1. United States District Judge Jennifer Dorsey entered a screening order on March 28, 2016 allowing only Count 1 (First Amendment retaliation claim), Count 2 (supervisory-liability claim for excessive force), Count 3 (excessive force claim), and Count 4 (excessive force claim) of Tagle's Complaint to proceed against

1

Defendants Nash, Bean, Wing, and Oliver.[1]  *See* ECF No. 2 at 14.  In August 2016, this Court granted Tagle permission to proceed IFP under 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice.  *See* ECF No. 36.

## II. Discussion

As an initial matter, the Court advises Tagle to make sure that his filings are written clearly and legibly, so that his positions are understood.

### A. Motion for Issue of Summonses on Record, Illegal Confiscation of Documents / Exhibits Physical / Emotional Stress Inflicted on Plaintiff due to Retaliation (ECF No. 116)

In this Motion, Tagle requests the following: (1) "Authorities' and Courts' Intervention" (2) "Evidentiary Hearing" and (3) "Summonses to Serve defendants."  *See* ECF No. 116 at 3-4.

Tagle's Motion provides neither factual or evidentiary support, nor specific legal authority for his requests.  Instead, the Motion objects to a document entitled "Motion to Strike Affidavit in Support of Cases and Request of Summonses to Serve Defendants in Regard Illegal Confiscation of Exhibits and Retaliation Physical Punishment et al."  *Id.* at 1.  The Motion directs the Court to "document No 59 5/9/14, 3:16-cv-148 @ usdc."  *Id*.  Although the Motion refers to another one of Tagle's cases, the Court notes that a similar motion to strike was filed in this case.  *See* ECF No. 114.

Tagle requests this Court to issue summonses for individuals that are not Defendants in this case. Tagle requests summonses for the following individuals: (1) the State of Nevada, (2) NDOC, (3) Warden Renee Baker, (4) Carpenter (both wife and husband), (5) "increase on the $20 copywork," (6) Lieutenant

---

[1] The screening order also imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator.  *See* ECF Nos. 2, 9.  The Office of the Attorney General filed a status report indicating that settlement had not been reached and informed the Court of its intent to proceed with this action.  *See* ECF No. 34.

Olivas (both wife and husband), (7) six NDOC guards (Garrett, Gouvea, Vinsley, Bennett, Hoffman, and Moone), (8) law library supervisor Pamela Feil, and (9) Email/Feil's supervisor Gilden. *See* ECF No. 116 at 3-4. Judge Dorsey, however, previously entered a screening order allowing this case to proceed only on four counts against Defendants Nash, Bean, Wing, and Oliver. *See* ECF No. 2 at 14. Tagle does not request summonses for these remaining defendants. *See* Fed. R. Civ. P. 4. The Court notes for clarity that the Motion's request for a summons for an individual named "LT. Olivas" refers to NDOC Lieutenant Valaree Olivas, not Lieutenant Ronald Oliver. *See* ECF Nos. 116 at 3-4; 105-2 at 2. Valaree Olivas is not a defendant in this case; Ronald Oliver is. The Motion is denied.

If Tagle were seeking injunctive relief to prohibit alleged harassment or abuse by NDOC correctional officers, that request would not be adequately supported.[2] There is no showing of a likelihood of success on the merits. Further, it does not appear that Tagle has exhausted his administrative remedies regarding the allegations that the guards or library supervisors are taking his mail and legal papers or physically abusing him. Consequently, Tagle has not made a clear showing that injunctive relief is appropriate.

///

---

[2] To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) the balance of hardships favors the plaintiff; and (4) an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits; (2) a likelihood of irreparable harm; (3) the balance of hardships tips sharply in the plaintiff's favor; and (4) an injunction is in the public interest. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In addition, in circumstances involving civil actions challenging prison conditions, injunctive relief "must be narrowly draw, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). The Court must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out" in § 3626(a)(1)(B). *Id.* As an "extraordinary and drastic remedy," a preliminary injunction should not be granted "unless the movant, by a clear showing, carries the burden of persuasion." *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation and emphasis omitted).

### B. Defendants' Motion to Strike

On May 1, 2017, Tagle filed a motion entitled "Complaint in Regard: E-Mail & The People Who Handles It" ("Complaint"). *See* ECF No. 100. The Complaint is difficult to comprehend. Tagle appears to be alleging that various NDOC employees are restricting or inhibiting his ability to send and receive paper and electronic documents related to his court cases. For example, it states:

> P. Feal confiscated my legal work, and "<u>kept it to decided what should I have or not</u> … furthermore, her assistance who hands the E-mail has <u>challenged court's orders</u> denying the Plaintiff with copies of documents filed or received by the court … furthermore "<u>adding" sheets</u> / pages which Plaintiff <u>did not send</u>.
>
> I've sent 4 complaints however, <u>she chooses what to file and destroys the rest</u>! … reason why, plaintiff's requesting to this H. court to enforce the order of "Email – and copies" received or sent."

*See* ECF No. 100 at 2.**3**

Tagle also states that "[u]nder Clark Leslie's orders, [Paulina] Simmons claimed 'to be Plaintiff's attorney,' on record." *Id*. at 1-2. Tagle then claims that "[s]he typed an 'OP723 demanding access to my file … However, such 'OP723 doesn't exist, or NDOC's authorized is only Simmons invention and applies only to [illegible word]." *Id*.

The Defendants argue that the Court should strike Tagle's Complaint because it is a fugitive document filed without authority or a request for leave. *See* ECF No. 117 at 1. Tagle filed a Response to the Defendants' Motion to Strike in which he personally attacks Defendants' counsel rather than address the merits of their Motion. *See* ECF No. 119. The Response states that Deputy Attorney General Erin Albright—counsel for the Defendants—has no idea what she is doing and that it is "God's miracle" she

---

[3] The Court refers Tagle to NDOC Administrative Regulation 750 and 722. NDOC Admin. Reg. 750 lists the provisions and rules regarding inmate general correspondence and mail, including electronic mail service while NDOC Admin. Reg. 722 provides the provisions regarding inmate legal access.

4

has a job. *See* ECF No. 119 at 1. The Reply refers to Albright as a "cesspool" and pseudo attorney and the Defendants as criminals. *Id*.

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Additionally, district courts have the inherent power to control their own dockets, including the power to strike items from the docket to address conduct that is improper but does not warrant dismissal. *See Ready Transportation, Inc., v. AAR Manufacturing, Inc*., 627 F.3d 402, 404 (9th Cir. 2010) (quoting *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc*., 146 F.3d 1071, 1074 (9th Cir. 1998)). The court may, by extension, strike a document filed in violation of the Court's local procedural rules. *Id*.; *see also Smith v. Frank*, 923 F.3d 139, 142 (9th Cir. 1991) ("For violations of the local rules, sanctions may be imposed including … striking the offending pleading."). Courts, however, must construes the pleadings of *pro se* litigants in civil rights cases liberally, affording them the benefit of the doubt. See *Karim-Panahi v. L.A. Police Dept*., 839 F.2d 621, 623 (9th Cir. 1988).

The Court grants the Defendants' Motion to Strike Tagle's Complaint. Tagle has filed duplicative and repetitive requests for relief in this case and others. *See, e.g.*, 2:15-cv-02082-JCM-VCF; 2:15-cv-00623-APG-GWF; 2:15-cv-02143-RFB-CWH. With Tagle's history of duplicative and frivolous filings in mind, the Court finds that the Complaint is a fugitive document.

Local Rule 7-2 of the Local Rules of Civil Practice permits the filing of a motion, a response, and a reply. A document not allowed by LR 7-2, or otherwise permitted by order of this Court, is a fugitive document and must be stricken from the record. *See Reiger v. Nevens*, 3:13-cv-00218-MMD, 2014 WL 537613, at *2 (D. Nev. Feb. 7, 2014). As the Defendants note, the Complaint "purports to provide a synopsis of additional alleged constitutional violations committed by Defendants." ECF No. 117 at 2. But because it is "not a motion, response, reply or pleading," the Defendants assert that the Complaint

"violates both the Federal Rules of Civil Procedure and this Court's Local Rules." Further, LR 7-2(g) states that "[a] party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause. The judge may strike supplemental filings made without leave of court." Tagle failed to request leave of Court to file his Motion. Thus, the Complaint is improper. Tagle's *pro se* status does not discharge his obligation to "abide by the rules of the court in which he litigates." *See Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

The Court also grants the Defendants' motion to strike to further the overall resolution of this action. *Hart v. Baca*, 204 F.R.D. 456, 457 (C. D. Cal. 2001) (holding that a court may grant a motion to strike if doing so "may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action."). Tagle's excessive and repetitive filings have slowed and complicated proceedings in this action. The Court finds that granting the Defendants' motion to strike will make this action less complicated, and streamline the ultimate resolution of this action.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Tagle's Motion for Issue of Summonses on Record, Illegal Confiscation of Documents / Exhibits Physical / Emotional Stress Inflicted on Plaintiff due to Retaliation (ECF No. 116) is DENIED.

IT IS FURTHER ORDERED that the Defendants' Motion to Strike [ECF No. 117] Tagle's Complaint in Regard: E-Mail & The People Who Handles It (ECF No. 100) is GRANTED.

**NOTICE**

Under Local Rule IB 3-1, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days after service of the Order. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the

specified time. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED this 1st day of June, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE