|   |   |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **DISTRICT OF NEVADA** | |
| Victor Tagle, Sr., | 2:15-cv-01402-JAD-VCF |
| Plaintiff | **Order Denying Plaintiff's Motion for Summary Judgment and Denying the Defendants' Motion to Strike.** |
| v. | |
| State of Nevada, et al., | [ECF Nos. 95, 113] |
| Defendants | |

Nevada state prisoner Victor Tagle sues under 42 U.S.C. § 1983 for civil-rights violations that allegedly took place during his incarceration at High Desert State Prison ("HDSP") and Ely State Prison.[1] In screening Tagle's complaint, I found that he stated colorable claims for first amendment retaliation against HDSP assistant Warden Nash, supervisory liability for excessive force against HDSP Lt. Bean, and excessive force against HDSP guard Wing and HDSP Lt. Oliver.[2]

Tagle now moves for summary judgment on his claims, arguing that the defendants and their attorneys committed bad acts during the course of this proceeding that entitle him to judgment as a matter of law.[3] Six days after filing his summary-judgment motion, Tagle filed a "response" to it explaining that he did not know what summary judgment meant when he filed that motion and asking me to NOT summarily adjudicate his claims.[4] The defendants oppose Tagle's motion and move to strike his response.[5] I treat Tagle's response as a supplement to his motion.

---

[1] ECF No. 1-1 at 1–5.

[2] ECF No. 2.

[3] ECF No. 95 at 1.

[4] ECF No. 98.

[5] ECF Nos. 106 (response), 113 (motion).

Summary judgment is appropriate when the pleadings and admissible evidence show that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."[6] If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[7]

Tagle vaguely insinuates in his summary-judgment motion that defendants and their attorneys committed bad acts during this case like bribery, forgery, and personally insulting him in court filings. Tagle provides no evidence of these bad acts, appears to point the court to a document that he filed in this case,[8] does not tie the alleged bad acts to his claims in this case, and does not identify any authority supporting his request for summary judgment on this basis. He also appears to retract his summary-judgment motion in the response that he filed to that motion.[9] Even if I do not interpret Tagle's "response" as a request to withdraw his motion, it is clear that Tagle has not discharged his burden under FRCP 56.

Accordingly, IT IS HEREBY ORDERED that Tagle's motion for summary judgment **[ECF No. 95] is DENIED** and the defendants' motion to strike **[ECF No. 113] is DENIED** as moot.

DATED: June 6, 2017

Jennifer A. Dorsey
United States District Judge

---

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. Civ. P. 56(c)).

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

[8] *See* ECF No. 95 at 1 (claiming that defendants made ad hominem attacks against him at "documn No 44, page 4, lines 12-13"; ECF No. 44 is an errata that Tagle himself filed).

[9] ECF. No 98.