**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| VICTOR TAGLE, | |
| Plaintiff, | Case No. 2:15-cv-01402-JAD-VCF |
| vs. | **ORDER** |
| STATE OF NEVADA, et al., | |
| Defendants. | RESPONSE TO REPORT (ECF NO. 142), MOTION FOR LEAVE TO FILE MOTION TO STRIKE (ECF NO. 145), MOTION TO STRIKE (ECF NO. 146) |

Before the Court are Plaintiff Victor Tagle's Response to the Report of the Office of the Attorney General (ECF No. 142), Defendants' Motion for Leave to File Motion to Strike Plaintiff's Response and Affidavit (ECF No. 145), and Defendant's Motion to Strike Plaintiff's Response and Affidavit (ECF No. 146). For the reasons stated below, Defendants' motions are granted and Plaintiff's Response and affidavit are stricken.

On September 8, 2016, Defendants filed a motion to stay this case pending resolution of a case in the Seventh Judicial District Court that "is identical to the matter now before this Court." (ECF No. 43 at 2). Plaintiff failed to file an opposition, and the Court granted the motion to stay the proceedings on September 29, 2016. (ECF No. 52). Following a status report indicating the Seventh Judicial District Court case "is continuing in the normal course," (ECF No. 140 at 2), the Court extended the stay to January 3, 2018 (ECF No. 141).

On September 11 and 13, 2017, Plaintiff filed a Response to the status report and an affidavit in support of the response. (ECF Nos. 142, 143). Plaintiff appears to argue that the Court and Defendants are illegally conspiring to interfere with Plaintiff's case by staying the matter even though the Seventh Judicial District Court case is not the same as the matter before the Court. (ECF No. 142 at 1-3).

On September 18, 2017, Defendants filed a motion for leave to file a motion to strike the Response and affidavit (ECF No. 145) and their motion to strike (ECF No. 146). Defendants argue Plaintiff's Response and affidavit violates the Court's order staying the case and has no factual or legal basis. (ECF No. 146 at 2-3). Plaintiff filed a response to the motions, but it only contains incoherent allegations regarding allegedly wrongful conduct by Defendants' counsel and the Court. (ECF No. 147).

"It is well established that '[d]istrict courts have inherent power to control their docket,'" including the authority "to strike items from the docket as a sanction for litigation conduct." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (*quoting Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.,* 146 F.3d 1071, 1074 (9th Cir.1998)). Documents filed in violation of a court order must be stricken from the record as fugitive documents. *Almy v. Davis*, No. 2:12-CV-00129-JCM-VCF, 2014 WL 773813, at *5 (D. Nev. Feb. 25, 2014); *Reiger v. Nevens,* 3:12–CV–00218–MMD–VPC, 2014 WL 537613, at *2 (D. Nev. Feb. 7, 2014).

The Court finds Plaintiff's Response and affidavit were filed in violation of a Court order. The Court stayed the proceedings in this case until January 3, 2018. (ECF No. 141). Plaintiff did not obtain leave of the Court to file any documents in the case during the pendency of the stay.[1] As Plaintiff's Response and affidavit are fugitive documents, they must be stricken from the record.

ACCORDINGLY, and for good cause,

IT IS ORDERED that Defendants' Motion for Leave to File Motion to Strike Plaintiff's Response and Affidavit (ECF No. 145) and Defendant's Motion to Strike Plaintiff's Response and Affidavit (ECF No. 146) are GRANTED.

---

[1] The Court also notes that the Response appears to challenge the basis of the stay in this case, though Plaintiff fails to ask that the stay be lifted in his request for relief. (ECF No. 142 at 3-4). The stay was originally entered more than a year ago, and Plaintiff failed to oppose the stay at the time it was granted.

IT IS FURTHER ORDERED that Plaintiff's Response to the Report of the Office of the Attorney General (ECF No. 142) and Affidavit in Support of Plaintiff's Claims (ECF No. 143) is STRICKEN.

**NOTICE**

Pursuant to Local Rule IB 3-1, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

IT IS SO ORDERED.

DATED this 5th day of October, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE