**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| VICTOR TAGLE,<br><br>              Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, NDOC, NDOC'S EMPLOYEES, *et al.*,<br><br>              Defendants. | 2:15-cv-01402-JAD-VCF<br>**ORDER**<br><br>MOTIONS FOR DISCOVERY [ECF NOS. 182, 184, 185] AND MOTIONS TO STRIKE [ECF NOS. 192, 198, 199] |

      Before the Court are Plaintiff Victor Tagle's motions for discovery and a hearing (ECF Nos. 182, 184, and 185) and Defendants Jennifer Nash, Jeremy Bean, Kenneth Wing, and Roland Oliver's motions to strike various documents filed by Tagle (ECF Nos. 192, 198, and 199). For the reasons discussed below, Tagle's motions for discovery are denied and Defendants' motions to strike are granted.

      Throughout Tagle's motions for discovery, he asserts that Defense counsel has either ignored or denied his discovery requests. (ECF No. 185 at 1-2). Tagle asks for a hearing (ECF No. 184 at 1) and an order directing Defense counsel to produce "any and all material related to his case" and resources for prosecuting his case such as a laptop (ECF No. 182 at 1-2).

      As Defendants point out (ECF No. 190 at 3-5), Tagle has failed to comply with Local Rule 26-7. Tagle has made discovery demands on Defense counsel, and Defense counsel has objected. (ECF Nos. 190-1, 190-2). Objections to requests for production of documents are permitted under Federal Rule of Civil Procedure 34(b)(2). A party may move to compel production of documents under Federal Rule of Civil Procedure 37, but a motion to compel "will not be considered unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a

1

declaration setting forth the details and results of the meet-and confer conference about each disputed discovery request." LR 26-7(c).

Tagle did not respond to Defense counsel's objections by communicating further with Defense counsel to attempt to resolve the issues. Rather, Tagle has resorted to personal attacks on Defense counsel in filings with the Court. (*See* ECF No. 185 at 2). The Court cannot rule on a motion to compel, which Tagle seems to be bringing, without the parties meeting the requirements in Local Rule 26-7. In addition, though Tagle believes he should be supplied with resources to prosecute his case by the Government, there is no basis to request resources from the opposing party in this litigation. Therefore, Tagle's motions regarding discovery are denied.

Tagle has also filed several "affidavits" and "answers" containing personal attacks on Defense counsel, prison employees, and Court officials. (ECF Nos. 186, 194, 196, 197). Defendants move to strike these documents as they are (1) fugitive documents and (2) immaterial, impertinent, and scandalous. (ECF Nos. 192, 198, 199).[1]

"It is well established that '[d]istrict courts have inherent power to control their docket,'" including the authority "to strike items from the docket as a sanction for litigation conduct." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (*quoting Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.,* 146 F.3d 1071, 1074 (9th Cir.1998)). "[D]istrict courts follow a long standing practice of striking filings that do not comply with the Federal Rules of Civil Procedure." *Tagle v. Bean*, No. 2:15-CV-01402-JAD-VCF, 2017 WL 2192969, at *3 (D. Nev. May 18, 2017).

Tagle's "affidavits" and "answers" are not proper filings permitted under the Federal Rules of Civil Procedure or Local Rules, such as a complaint, motion, response, or reply. They are merely vehicles

---

[1] The time to respond to ECF Nos. 198 and 199 has not yet expired. However, these motions are substantively similar to ECF No. 192. The time to respond to ECF No. 192 has passed, and Tagle did not file a response to ECF No. 192. In addition, the Court finds that further briefing would not be helpful on this issue.

to personally attack Defense counsel and various officials. These documents serve no purpose in the case, and therefore ECF Nos. 186, 194, 196, and 197 shall be stricken.

The Court must also caution Tagle regarding Federal Rule of Civil Procedure 11(b): "By presenting to the court a pleading, written motion, or other paper…an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief…it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction." Fed. R. Civ. P. 11(c). The Court is not contemplating sanctions at this time. However, should Tagle continue to file fugitive documents that appear to be presented solely to harass Defense counsel and other individuals, the Court may consider sanctions in the future.

Accordingly,

IT IS HEREBY ORDERED that Tagle's motions for discovery and a hearing (ECF Nos. 182, 184, and 185) are DENIED.

IT IS FURTHER ORDERED that Defendants' motions to strike (ECF Nos. 192, 198, and 199) are GRANTED. ECF Nos. 186, 194, 196, and 197 are hereby stricken.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the

right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

IT IS SO ORDERED.

DATED this 14th day of November, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE