# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Victor Tagle, Sr. | Case No.: 2:15-cv-01402-JAD-VCF |
| Plaintiff | |
| v. | **Order Dismissing Case for Failure to Exhaust Administrative Remedies** |
| State of Nevada, et al., | |
| Defendants | [ECF Nos. 170, 171, 183, 207, 208, 210, 212, 216] |

Pro se plaintiff Victor Tagle, Sr. is a prisoner in the custody of the Nevada Department of Corrections (NDOC). In this civil-rights case, Tagle sues two associate wardens and two corrections officers at Nevada's High Desert State Prison (HDSP) for alleged physical attacks that he claims were the result of excessive force and First Amendment retaliation.[1] The defendants move for summary judgment, arguing that Tagle failed to exhaust the prison's grievance process before filing this action, as the Prison Litigation Reform Act requires.[2] Because I find that the defendants have demonstrated that Tagle failed to exhaust his available administrative remedies, and Tagle has not shown that he did exhaust or that something made those remedies unavailable to him, I grant the motion, dismiss his claims without prejudice, and close this case.

---

[1] ECF No. 2 (screening order).

[2] ECF Nos. 170, 171. Because defendants' single motion seeks two types of relief, it was docketed as two separate entries.

## Background

In 2015, Tagle was an inmate at the HDSP.[3] In this action,[4] he asserts a handful of civil-rights claims against HDSP personnel, alleging various theories of liability for their roles in attacks he suffered at the hands of corrections officers.[5] After screening,[6] he was left with four claims:

- **Count 1: a First Amendment retaliation** claim against Associate Warden Jennifer Nash, alleging that she retaliated against Tagle for statements he made in a telephonic hearing in a lawsuit he filed against Nash, by ordering three unnamed guards to physically attack him; and

- **Counts 2, 3, and 4: excessive force** claims against officers Kenneth Wing and Ronald Oliver for beating Tagle, and against Associate Warden Jeremy Bean based on supervisor liability for directing Wing to perform the attack.

This case was stayed for nearly two years on defendants' unopposed motion because it was duplicative of state-court claims that Tagle was pursuing.[7] After that stay was lifted, the

---

[3] Tagle was later transferred to NDOC's Ely State Prison, and he is now housed at the Saguaro Correctional Center in Eloy, Arizona. ECF No. 170 at 2.

[4] Tagle is a prolific filer in this district. He has filed dozens of lawsuits, most of which have been dismissed as duplicative or frivolous or for failure to state a claim. *See Tagle v. Fajota*, No. 2:15-cv-02082-JCM-VCF, 2017 WL 2230334, at *1 (D. Nev. May 22, 2017) (recounting that, "[s]ince 2003, Tagle has filed numerous habeas actions and over 30 civil rights actions in the District of Nevada, 10 of which are open and active"); *see also* ECF No. 170 at 7 (listing the case numbers for Tagle's three strikes); ECF No. 171-4 at 2 (table of Tagle's cases filed in this district). And I take judicial notice of the fact that Tagle has been declared a vexatious litigant in Nevada's Eighth Judicial District Court. *See* ECF No. 171-6 at 2. This history, however, plays no role in my entry of summary judgment in this case. I grant summary judgment because Tagle failed to exhaust his administrative remedies, not as a sanction.

[5] ECF No. 1-1.

[6] ECF No. 2.

[7] ECF No. 52 (stay order); ECF No. 165 (lift-stay order).

defendants moved for summary judgment or, alternately, to dismiss. Recognizing that the Ninth Circuit held in *Albino v. Baca*[8] that failure-to-exhaust-administrative-remedies defenses are properly resolved on summary judgment, not by moving to dismiss, defendants argue that Tagle took these claims through the first level of NDOC's multi-level grievance process only, leaving his claims premature.[9] But even if these claims are ripe, defendants contend, they must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because they fail to state a plausible claim for relief.[10] Because I grant the motion for summary judgment on exhaustion grounds, I do not reach defendants' dismissal arguments or the merits of Tagle's claims.

**Discussion**

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing "any suit challenging prison conditions."[11] "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[12] So long as a grievance process is available to the prisoner, his failure to exhaust it will preclude his § 1983 claims.[13]

In *Albino*, the Ninth Circuit held that "a motion for summary judgment, as opposed to an unenumerated Rule 12(b) motion," is the proper vehicle for challenging a prisoner suit filed

---

[8] *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).
[9] ECF No. 170 at 5.
[10] *Id*. at 8–12.
[11] 42 U.S.C. § 1997e(a).
[12] *Porter v. Nussle*, 534 U.S. 516, 532 (2002).
[13] *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) ("An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones.").

3

without proper exhaustion.[14] "The defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy."[15] The prisoner then "has the burden of production. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."[16]

The defendants have met their burden. They have demonstrated that NDOC has a multi-tier process for inmate grievances, established in NDOC Administrative Regulation 740 et seq.[17] It begins at an informal level and allows the inmate to escalate to the formal level and then an appeal process.[18] It is undisputed that Tagle is well aware of this process as demonstrated by his frequent use of this process—even he acknowledges that he has filed "countless grievances."[19] As the grievance-history printouts provided by defendants reflect, Tagle only pursued the claims alleged in this case through the informal level,[20] so he did not exhaust all levels of NDOC's available administrative process. The burden thus shifts to Tagle "to come forward with evidence" that he did exhaust the grievance process for these claims or that something prevented him from doing so.[21]

---

[14] *Albino*, 747 F.3d at 1170.

[15] *Id*. at 1172.

[16] *Id*.

[17] ECF No. 170.

[18] *Id*.

[19] ECF No. 3 at 22; *see also* ECF No. 176 at 3 (wherein Tagle hyperbolizes that he has submitted "100 lbs" of grievances).

[20] *Id*.; ECF No. 170-1 (grievance # 2006-30002002); ECF No. 170-2 (grievance #2006-30-02003). Though defendants make no effort to authenticate these documents, Tagle does not dispute their authenticity, and I find that these materials can be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c) & advisory comm. note to 2010 amendment.

[21] *Albino*, 747 at 1172.

Tagle's response brief is nearly illegible, and the points it addresses have little connection to the arguments in defendants' motion. The entirety of his section captioned "Exhaustion of legal administrative remedies" is this:

> Plaintiff exhausted his remedies. Yet Plaintiff has been accused of the opposit [sic] on all his cases. As a matter of fact, Izaac Rowe & Randall Guilmer submit 2000 pages +/ on video back in 2016 allegating [sic] the same, yet they were all <u>forged</u>. Plaintiff has submitted 100 lbs of grievances, and no [sic] one grievance, ever has going true. Furthermore Rowe says no specific grievance has been cited by Plaintiff no because Plaintiff has spent 78+/months on segregation, and the guards remove, every single document they have at reach to avoid, been expose, <u>yet</u> as Rowe <u>confirms</u> grievances were "<u>submitted</u>."[22]

Even liberally construing these statements as an argument that he exhausted all levels of the process for these claims and has been denied access to the proof, Tagle offers no evidence to back it up. He attaches to his response a declaration in which he asks the court to help him get a laptop and printer to keep his discovery in a CD format. And he states that NDOC and his current facility in Arizona have confiscated documents from him.[23] He also attaches a copy of a letter from NDOC, purportedly responding to correspondence he sent (apparently outside of the litigation process) asking for documents, other items, and "the video recordings and audio recordings you claim exist from the 'hidden cameras in the cells, et al.'"[24] On it, Tagle has written, "Your Honor. NDOC = defendants deny to give discovery."[25]

But Tagle's averments must be considered in light of the actual course of discovery in this case. As the magistrate judge has found, Tagle's difficulty in obtaining discovery is the

---

[22] ECF No. 176 at 3.
[23] ECF No. 176-1 at 3–4.
[24] *Id*. at 2.
[25] *Id*.

5

result of the fact that he has comprehensively failed to comply with this court's discovery-dispute procedures and instead "resorted to personal attacks on [d]efense counsel in filings with the Court."[26] Tagle objects to that order, arguing that it was founded on lies by defense counsel and complaining about having to follow the court's procedures.[27] But he has not shown that the magistrate judge's order is clearly erroneous or contrary to law, so I overrule his objections.[28] And because Tagle has not even argued—let alone demonstrated with any degree of proof—that he would be able to come forward with evidence showing he properly exhausted these claims if he were given additional time for discovery, I find no basis to defer or deny summary judgment under Rule 56(d) to allow additional efforts.

Tagle also argues that "summary judgment shouldn't be entered to a pro-se, because it's unfair & illegal . . . ."[29] The law, however, does not support this proposition. Although pro se prisoners are exempted "from strict compliance with the summary judgment rules," they are not relieved of "all compliance."[30] For example, this relaxed approach "demands that a court not hold missing or inaccurate legal terminology or muddled draftsmanship against them."[31] Courts

---

[26] ECF No. 202 at 2.

[27] ECF Nos. 203, 207.

[28] A magistrate judge's discovery order may be modified or set aside if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Defendants move to strike these objections. ECF Nos. 210, 212. Although Tagle's filings are largely unsupported and rife with language not appropriate to the litigation process or helpful to his pursuits, I consider—and overrule—his objections on their merits because Tagle has not met his burden to show that the magistrate judge's order was clearly erroneous or contrary to law. So I deny the motions to strike.

[29] ECF No. 176 at 8.

[30] *Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018).

[31] *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

also "should construe liberally motion papers and pleadings filed by *pro se* inmates,"[32] as I have endeavored to do here. But in opposing a motion for summary judgment, a pro se prisoner still must submit at least "some competent evidence," such as a "declaration, affidavit, [or] authenticated document" to support his allegations or to dispute the moving party's allegations.[33] For this reason, last year in *Soto v. Sweetman*, the Ninth Circuit affirmed summary judgment against a pro se prisoner plaintiff who argued that he was prevented from timely completing the grievance process but failed to "provide competent summary judgment evidence" to support that argument.[34] Like Soto, Tagle has not met his burden to avoid dismissal of his claims for failing to exhaust the prison's grievance process. Accordingly, I grant the defendants' motion for summary judgment and dismiss Tagle's claims without prejudice because he failed to exhaust NDOC's administrative remedies before filing this lawsuit.

**Conclusion**

IT IS THEREFORE ORDERED that:

- The Motion for Summary Judgment **[ECF No. 171] is GRANTED; this action is DISMISSED without prejudice for failure to exhaust administrative remedies**;

- The alternate Motion to Dismiss **[ECF No. 170] is DENIED** as moot;

---

[32] *Soto*, 882 F.3d at 872 (quoting *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)).

[33] *Id*. at 873. To reinforce this obligation, trial courts must send pro se prisoner plaintiffs notice under *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), that "If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you," as this court did when the defendants filed the instant motion. ECF Nos. 172–173 (*Klingele/Rand* notices sent to Tagle in response to the instant motion).

[34] *Soto*, 882 F.3d at 874.

7

- Tagle's Motion to Set Hearing and Change Venue **[ECF No. 183] is DENIED** as moot; Tagle's Application for Entry of Default **[ECF No. 216] is also DENIED** as moot;

- Tagle's objections to the magistrate judge's order [ECF No. 202] regarding discovery motions **[ECF Nos. 203, 207] are OVERRULED**, and the magistrate judge's order **[ECF No. 202] is AFFIRMED**; defendants' motions to strike those objections and supporting documents **[ECF Nos. 210, 212] are DENIED**;

- Good cause appearing, Defendants' Motion for Enlargement of Time to Respond to the objections **[ECF No. 208] is GRANTED** nunc pro tunc to December 10, 2018, and their response [ECF No. 209] is deemed timely;

IT IS FURTHER ORDERED that the Clerk of Court is directed to **ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

Dated: February 7, 2019

_____
U.S. District Judge Jennifer A. Dorsey